HILL GOWDY, APPELLANT, *v.* ANTONIE POULLAIN, RESPONDENT.

*Amendment of pleadings — order denying motion for — reviewable on appeal to General Term — Laches.*

An order denying a motion to amend plaintiff's complaint, may be reviewed on appeal to the General Term.

Such a motion is properly denied on the ground of plaintiff's laches in making the motion.

* Chap. 585 Laws of 1867, page 1597, vol. 2.    † See Lennon case, 55 N. Y., 361.

APPEAL from an order denying plaintiff's motion for leave to amend his complaint.

The complaint alleged that defendant was a commission merchant doing business in Augusta, Ga. That January 20, 1865, as agent for the plaintiff, he had in his possession 441 packages of tobacco, of the value of $18,964. That he sold said tobacco for that sum, and had neglected to account for the proceeds of such sale. The answer alleged that the parties had had other transactions together, and that the one in question, at the same time with such other transactions, had been settled and adjusted, and the balance found due paid over. The plaintiff obtained an order to show cause, why his complaint should not be amended, returnable on the 9th March, 1874; in such amended complaint proposing to set up that the defendant had received 21,175 pounds of tobacco, of the value of $21,175, and had sold the same without the consent, authority or knowledge of the plaintiff, and asking for judgment for that amount. The motion papers showed that issue was joined October 3, 1871. That defendant had been examined before trial, September 2, 1873. That on January 29, 1874, the cause was reached in its order on the calendar, and set down for trial for February seventeenth, and remained on the day calendar till March third, when the plaintiff moved that the case go over the term, on account of the plaintiff's sickness. The cause was set down for trial for the twenty-fourth of March. No amendment to the complaint was suggested till March 5, 1874. The court refused to allow the plaintiff to amend his complaint.

*Edward Fitch*, for the appellant. The court could grant the motion under section 173 of Code. (*Ford* v. *Ford*, 53 Barb., 525.) Also before the Code. (*Williams* v. *Cooper*, 1 Hill, 637; *Beardsley* v. *Stover*, 7 How., 294; *Harrington* v. *Slade*, 23 Barb., 161; *Union Nat. Bank* v. *Bassett*, 3 Abb. Pr. [N. S.], 359; *Knapp, Recr.*, v. *Roach*, Law Register, July 8, 1874.)

*John E. Ward*, for the respondent. The court cannot, under Code, section 173, allow an amendment substantially changing claim. (5 Robt., 622; *Ford* v. *Ford*, 53 Barb., 526, 527; *Whitcomb* v. *Hungerford*, 42 id., 177, 185; *Van Syckels* v. *Perry*, 3 Robt.,

621; *Brown* v. *Leigh*, 49 N. Y., 78; 4 Wait's Pr., 658; *Moore* v. *McKibbin*, 33 Barb., 246, 249; *Walter* v. *Bennett*, 16 N. Y., 250.) Having adopted the sale, the plaintiff is estopped from setting up want of authority to sell. (*Morris* v. *Rexford*, 18 N. Y., 552, 557; *Rodermund* v. *Clark*, 46 id., 354, 357; 1 Tidd's Pr., 10.) Discretion ordinarily will not be reviewed. (*Smith* v. *Bodine*, 1 Hun, 309.) Amendments to verified pleadings should be allowed with caution. (*Strong* v. *Dwight*, 11 Abb. [N. S.], 319–325; *Verplank* v. *Mer. Ins. Co.*, 1 Edw. Ch. 46; *Jennings* v. *College*, 8 Ves., 79; *Dolder* v. *Bk. of England*, 10 id., 285; 19 Barb., 51; *Sheldon* v. *Adams*, 41 id., 54.)

LAWRENCE, J.:

It is insisted by the respondent's counsel that, as the order asked for was one which rested in the discretion of the justice who heard the motion at the Special Term, it is not the subject of review by the General Term. We are of opinion that, under the recent decisions of the Court of Appeals, in *Gray* v. *Fisk*,[*] and in *Livermore* v. *Bainbridge*,[†] the order can be properly reviewed by the General Term. An examination of the motion papers, and of the affidavits read in opposition, has, however, failed to convince us that the justice at Special Term, erred in the conclusion reached by him. The transaction, out of which the alleged cause of action arose, took place in 1865. When the action was commenced, the plaintiff must have known whether the defendant sold the tobacco, referred to in the complaint, by his, the plaintiff's, authority, and as his agent, or whether he wrongfully sold it, and converted the proceeds to his own use. To allow the plaintiff, now, after the cause has been reached, and has been on the day calendar many days, to entirely change his cause of action by amending his complaint, would not, in our opinion, be in furtherance of justice. [‡]

On the ground of laches alone, if no other existed, we think the motion was properly denied.

The order appealed from should be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with costs.

[*] 53 N. Y., 630.      [†] 47 How., 354.      [‡] Code, sec. 173.